*JAMES VAN NOVER y. DAVID. ESHLEMAN.

**Conditional Order of Revivor of Dormant Judgment Revives Judg-
ment for all Purposes and Sustains Order of Execution.**

> When a conditional order of revivor of a dormant judgment is
> made, the judgment is revived for all purposes for which a
> judgment may be revived and will sustain an order of execu-
> tion issued thereon, subject to the condition that if the judg-
> ment debtor,. within a time fixed in the order of revivor, can
> show cause why said judgment ought not to have been revived,
> the order of revivor will be set aside.

[Syllabus by the court.]

ERROR to common pleas court.

*M. L. Spooner* and *John McSweeny*, for plaintiff in error.
*A. D. Metz*, for defendant in error.

**POWELL, J.**

This is an action by the plaintiff in error to reverse the
judgment of the court of common pleas setting aside an execu-
tion issued out of that court of January 27, 1908, in favor of
plaintiff in error and against the defendant in error.

The record discloses that the plaintiff in error is the owner
of a judgment which stands upon the records of this county
in his favor against the defendant in error, David Eshleman;
that prior to January 25, 1908, the said judgment had become
dormant, and on that date the plaintiff in error filed his appli-
cation for a conditional order of revivor of the said judgment—
which order was that day allowed and entered in the journal;
that notice thereof was served upon the defendant in error,
and an execution was issued on said judgment on January 27,
1908, which execution was levied on certain real estate of the
defendant in error situated in Cuyahoga county, Ohio.

---

*Affirmed, no op., Eshelman v. Van Nover, 58 Bull. 434.

Van Nover v. Eshleman.

The record also shows that an issue was made up on the application for revivor of the judgment, which was tried and decided in favor of the plaintiff in error and final order entered on March 11, 1908. The defendant in error in June, 1910, filed a motion to set aside the execution which had been issued on said judgment on January 27, 1908, which was sustained.

It is the action of the court in sustaining the said motion and setting aside said execution that is before us for review. A majority of the court are of the opinion that when a conditional order of revivor of a dormant judgment is made, such order revives the judgment for all purposes for which a judgment may be revived—subject however, to the terms and conditions made a part of such order.

That is, a conditional order of revivor is a revivor of the judgment subject to the condition that if the judgment debtor, within a time to be fixed in said conditional order, can show cause why such judgment ought not to have been revived, the order of revivor will be set aside.

It is contended strongly that this execution was issued upon a dormant judgment. A majority of the court think it was issued upon a judgment that had been revived by the conditional order and was no longer dormant. It is also contended that the case of *Smith* v. *Hogg*, 52 Ohio St. 527 [40 N. E. Rep. 406], settles the question in controversy here. We do not think this case decides the question presented. It holds and decides that when a dormant judgment is revived, all the liens that were valid under said judgment before it became dormant, are re-instated and again become valid liens by such revivor. It does not decide when a conditional order of revivor takes effect so that an execution may issue thereon. We think that a dormant judgment can only be revived by an order of the court in which proceedings for revivor are pending, whether such order be conditional or absolute. A conditional order of revivor is a revivor of the judgment subject to be defeated by the judgment debtor showing that the judgment has been paid, settled or barred by the statute of limitations, as these

are practically the only defenses that can be made to the revivor of a dormant judgment.

We think that when this conditional order was entered on January 25th, 1908, the judgment was no longer dormant, but revived, and as such revived judgment would sustain the execution issued thereon January 27, 1908.

This conclusion is supported by the practice in other states, and by the former practice in Ohio, where judgments were revived upon a writ of *scire facias*, and which practice still prevails in many of the other states. It is the practice in Indiana that when a judgment becomes dormant, a motion may be filed for leave to issue execution thereon, and the action of the court sustaining such motion has the same effect that the order of revivor does in Ohio.

We think that revivor by conditional order is a summary proceeding, and intended by the legislature so to be, in order to reach the property of the judgment debtor, that otherwise might be encumbered or conveyed before an absolute order of revivor could be obtained upon a petition for that purpose.

We further think that the second order entered upon an application for a conditional order of revivor has no other legal effect than to cut off, or foreclose, the right of the judgment debtor to set up a defense to the revivor of the judgment in that proceeding. The statute is, that unless the judgment debtor shows sufficient cause to the contrary the judgment shall "stand revived," or as we construe it, continue revived, having already been revived by the conditional order entered on the filing of the application.

We do not see any inherent difficulty in this construction of the statute, such as that the property of the judgment debtor might be seized upon execution and held before a final determination of any question he might make as to the validity of such judgment could be had. The statute requires notice to be given such debtor, and allows him to make any claim or defense he may have against the order of revivor of such judgment, and if his property has been wrongfully seized the

Van Nover v. Eshleman.

court can in the same proceeding issue a restraining order to prevent a sale of the same until a final hearing can be had.

With this view of the question involved, a majority of the court think that the judgment of the court of common pleas should be reversed at the costs of the defendant in error.

**Voorhees** and **Shields, JJ.,** concur.