[Cite as *Tisco Trading USA, Inc. v. Cleveland Metal Exchange, Ltd.*, 2012-Ohio-493.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97114

---

# TISCO TRADING USA, INC.

### PLAINTIFF-APPELLEE

vs.

# CLEVELAND METAL EXCHANGE, LTD.

### DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-747949

**BEFORE:**  Sweeney, P.J., Jones, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 9, 2012

**ATTORNEYS FOR APPELLANT**

Mark E. Owens, Esq.
Mark R. Koberna, Esq.
Sonkin & Koberna Co., L.P.A.
3401 Enterprise Parkway, Suite 400
Cleveland, Ohio 44122

**ATTORNEY FOR APPELLEE**

Alex J. McCallion, Esq.
Millennium Center, Suite 300
200 Market Avenue, North
P.O. Box 24213
Canton, Ohio 44701-4213

JAMES J. SWEENEY, P.J.:

{¶ 1}   Appellant Randy Horvat ("Horvat") appeals the court's denial of his motion to quash subpoenas duces tecum and for a protective order regarding financial information in this action to collect a debt.   After reviewing the facts of the case and pertinent law, we affirm.

{¶ 2}   On June 29, 2011, Tisco Trading USA, Inc., ("Tisco") was granted a default judgment for approximately $115,000 plus interest in an action to collect a debt against Cleveland Metal Exchange, Ltd. ("CME").   On July 8, 2011, Tisco sent subpoenas duces tecum to First Place Bank and Citizen's Bank, requesting financial information regarding CME and Horvat, who is the former owner and principal of CME, a now defunct corporation.[1]

---

[1]In late 2009, CME's assets were sold to an unnamed third party, and Horvat

**{¶ 3}** Horvat, who was not a party to the Tisco-CME debt collection action, opposed the subpoenas on the basis that the discovery violated his "protected privacy rights," was irrelevant to collecting the judgment, and would lead to "annoyance, embarassment, oppression, or undo [sic] burden or expense." On July 15, 2011, Horvat filed a motion to quash or modify the subpoenas and for a protective order, which the court denied on July 27, 2011, finding that "the discovery is proper."

**{¶ 4}** Horvat appeals and raises one assignment of error for our review.

I.

The trial court erred in denying Appellant's Motion to Quash Subpoena Duces Tecum Directed to First Place Bank and to Quash or Modify Subpoena Duces Tecum directed to Citizen's Bank, and for Protective order (the "Motion to Quash") when (1) Appellant is not a party to the trial court litigation and is not a judgment debtor of Appellee, and (2) Appellee's attempted post-judgment discovery of Appellant's personal bank records is not discovery in aid of execution of Appellee's judgment against defendant [CME].

**{¶ 5}** Although discovery orders are generally interlocutory, denials of motions to quash subpoenas served on non-parties are final appealable orders. *Munro v. Dargai,* 8th Dist. No. 54622, 1988 WL 36594 (Mar. 31, 1988), citing *Foor v. Huntington Natl. Bank*, 27 Ohio App.3d 76, 499 N.E.2d 1297 (10th Dist.1986). We review discovery disputes under an abuse of discretion standard. *State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 692 N.E.2d 198 (1998).

---

became an employee of a newly formed corporation, CME Acquisitions, LLC ("CMEA").

**{¶ 6}** Civ.R. 26(B)(1) allows broad discovery of relevant information. "It is not ground for objection that the information sought will be admissible at the trial if the information sought appears reasonably calculated to lead to the discovry of admissible evidence." *Id.* *See also Tschantz v. Ferguson*, 97 Ohio App.3d 693, 715, 647 N.E.2d 507 (8th Dist.1994) (holding that "[t]he test for relevancy under Civ.R. 26(B)(1) 'is much broader than the test to be utilized at trial'") (quoting *Icenhower v. Icenhower*, 10th Dist. No. 75AP-93, 1975 WL 181668 (Aug. 14, 1975)).

**{¶ 7}** Civ.R. 45 allows supoenas to be issued to non-parties. However, the court shall grant a motion to quash a subpoena if it, inter alia, "(b) Requires disclosure of privileged or otherwise protected matter and no exception or waiver applies; [or] (d) Subjects a person to undue burden." Civ.R. 45(C)(3). *See also* Civ.R. 26(C) (stating that a court may issue a protective order "for good cause shown" after the party seeking protection makes "a reasonable effort to resolve the matter through discussion with the attorney * * * seeking discovery").

**{¶ 8}** Civ.R. 69 states, in part, as follows: "* * * [a] judgment creditor * * * may * * * obtain discovery from any person, including the judgment debtor * * *" to aid the enforcement of a judgment for money. Additionally, the staff notes for Civ.R. 69 state, "All applicable discovery is made available to the judgment creditor * * * to discover property subject to execution. The discovery may be obtained from any person."

**{¶ 9}** In the instant case, the subpoena to First Place Bank requests "Any and all documents relating in any fashion to Randy Horvat * * *." The subpoena to Citizen's

Bank requests "Any and all documents relating in any fashion to Cleveland Metal Exchange and/or Randy Horvat * * *."

{¶ 10} Discovery of CME's financial documents is certainly relevant in an action to collect a debt against CME. No law supports that these documents are privileged. *See generally* R.C. 2317.02 (listing privileged communications and acts, including those involving attorneys, physicians and other healthcare providers, clerics, and spouses). Furthermore, Horvat offers no reasoning to support his assertion that production of financial documents by a bank would be an undue burden.

{¶ 11} Discovery of Horvat's financial documents are likewise relevant in this action to collect a debt against CME, of which he is the former sole principal. These documents are unprotected by a privilege, and Horvat has not shown that producing them would be an undue burden for the bank. Horvat argues that his personal finances are "well beyond the bounds of permissible post-judgment discovery," under the authority of *Suttle v. DeCesare*, 8th Dist. No. 77753, 2001 WL 777016 (July 5, 2001). However, the facts in *Suttle* are distinguishable from the facts in the case at hand.

{¶ 12} In *Suttle*, the plaintiffs won an arbitration award and appealed the denial of pre-judgment interest. The facts in *Suttle* were heavily litigated, both during arbitration and in the trial court. Ultimately, a finding was made that DeCesare was not personally liable, and the trial court permitted discovery against the corporation but prohibited discovery against the corporation's sole shareholder. This court held that, "Under the circumstances, because the Suttles did not show how discovery of DeCesare's personal finances was relevant to any pending issue or that prejudgment interest could be awarded

against him personally, denial of discovery against him was not unreasonable, arbitrary or unconscionable." *Id*.

{¶ 13} In the instant case, the underlying facts were not developed, there was no pre-judgment discovery, and the case was disposed of by default judgment. In other words, Tisco has not had a chance to show how Horvat's personal finances may or may not lead to the discovery of admissible evidence, i.e., property subject to execution of the judgment against CME. Accordingly, pursuant to Civ.R. 26, 45, and 69, the information sought in the subpoenas issued to First Place and Citizen's Banks is discoverable. The court did not abuse its discretion and Horvat's sole assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

JAMES J. SWEENEY, PRESIDING JUDGE

LARRY A. JONES, J., and
EILEEN A. GALLAGHER, J., CONCUR