[Cite as *Tillimon v. Fench*, 2017-Ohio-7647.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Duane J. Tillimon                                       Court of Appeals No. L-17-1056

    Appellant                                       Trial Court No. CVG-09-15706

v.

Trisha D. Fench and Kevin L. Coffey         **DECISION AND JUDGMENT**

    Appellees                                       Decided:  September 15, 2017

* * * * *

Duane J. Tillimon, pro se.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Duane Tillimon, appeals from the February 9 and February 22, 2017 judgments of the Toledo Municipal Court, in which the court declared him a vexatious litigator and quashed his subpoena for records pertaining to appellee, Kevin Coffey.  Because the Toledo Municipal Court does not have authority to declare a party a

vexatious litigator, and because a party seeking aid in the execution of a judgment may subpoena any person or entity in accordance with Civ.R. 45 and 69, we reverse.

## Assignments of Error

{¶ 2} Appellant sets forth the following assignments of error:

1.  THE TRIAL COURT COMMITTED REVERSABLE (sic) ERROR, AND ABUSED ITS DISCRETION, BY FINDING THE JUDGMENT CREDITOR A VEXATIOUS LITIGATOR PURSUANT TO REVISED CODE 2323.52(D)(1) UNDER SPECIFIC AUTHORITY GRANTED TO THE TRIAL COURT PURSUANT TO REVISED CODES (sic) 1901.21(A) and 1901.131[.]

2.  THE TRIAL COURT COMMITTED REVERSABLE (sic) ERROR, ABUSED ITS DISCRETION, BY QUASHING THE SUBPOENE (sic) DUCES TECUM ORDERING THE LUCAS METRUPOLITAN (sic) HOUSING AUTHORITY TO PRODUCE ITS RECORDS FOR AN "IN CAMERA" REVIEW BY THE TRIAL COURT[.]

## Facts

{¶ 3} This accelerated appeal stems from a landlord's complaint appellant filed against appellees in August 2009, for forcible entry and detainer, money damages, attorney fees, and punitive damages.  Appellees failed to answer the complaint and appellant filed for default judgment.

2.

**{¶ 4}** Appellees responded with a motion to dismiss, claiming that appellant had previously been declared a vexatious litigator and failed to seek leave before filing the complaint. Appellant had been declared a vexatious litigator on June 13, 2007, by the Lucas County Court of Common Pleas. That order was effective for three years.

**{¶ 5}** The trial court granted appellees' motion to dismiss, but eventually found that because appellant did not file the complaint pro se he could proceed with the action. In June 2010, appellant renewed his request for damages through a motion for judgment.

**{¶ 6}** On October 29, 2010, the trial court issued judgment in favor of appellant "for $14,770.52, plus 5% interest since September 9, 2009 and costs." As of the filing of this appeal, the judgment has not been satisfied.

**{¶ 7}** Appellant has filed numerous applications for aid in executing the judgment. In October 2016, appellant pro se conducted a debtor's examination in an effort to uncover appellees' income, employment status, and assets. The court set a hearing and in the entry stated:

> The matter is before the court after Plaintiff, Duane J. Tillimon submitted his memorandum from the debtor's examination that was conducted on October 31, 2016. It appears from the debtor's exam that both Defendants are unemployed and surviving off of Defendant, Trisha Fench's Social Security Disability Benefits. Trisha Fench appears uncooperative because she feels this balance was discharged in bankruptcy. If Defendant has additional information regarding this judgment that

3.

occurred after her bankruptcy being discharged February 13, 2009, she should bring this to the hearing. While Defendants appear to be insolvent there are issues with some properties that Defendants have listed in their names that need to be addressed.

Defendants are ordered to return to court on December 5, 2016 * * * for a formal debtor's examination[.]

**{¶ 8}** No transcript of the December 5, 2016 hearing is in the appellate record. The December 6, 2016 judgment entry, however, in relevant part states:

[A]fter hearing Defendants' (sic) testify it appears that they have no assets or wages for the Plaintiff to collect on. This court has done everything in its power to help Plaintiff collect on his judgment, but the court is not a collection agency. The court will not authorize anymore debtor's examinations regarding the issues already presented. It is the court's opinion that Defendants' (sic) have no assets to collect on at this time.

**{¶ 9}** Following the judgment, appellant moved the court for a new trial. The court denied the motion and reiterated that it was not a debt collection agency. Appellant filed a supplemental memorandum in support of a new trial. Because appellant did not have newly discovered evidence, the court again denied the motion for a new trial.

**{¶ 10}** The court also sua sponte found and declared appellant a vexatious litigator in its February 9, 2017 judgment entry, and the court justified its finding based on

appellant being declared as such by the Lucas County Court of Common Pleas in June 2007.

{¶ 11} Prior to the court issuing its February 9, 2017 judgment, and in an effort to uncover more evidence regarding appellees' income, employment status, and assets, appellant requested a subpoena be served upon Lucas Metropolitan Housing Authority (LMHA). The bailiff filed a return of service in which he stated LMHA had been duly served with the subpoena.

{¶ 12} LMHA responded with a letter to appellant stating it would not comply with the subpoena. Appellant moved to hold LMHA in contempt of court for the failure to respond. LMHA, on February 9, 2017, filed a motion to quash the subpoena, and requested the court deny appellant's motion for contempt. The court granted the motion to quash and denied the motion for contempt.

{¶ 13} Appellant then filed an application for leave to proceed pro se on February 21, 2017, in which he argued the court had no authority to declare him a vexatious litigator. Appellant further implied that LMHA had potentially discoverable matter to assist in executing his 2010 judgment, and that the court should have held an in-camera hearing to determine whether the LMHA documents would have information to aid appellant.

{¶ 14} On March 8, 2017, the court issued a final judgment denying appellant's application to proceed. Further the court noted that its February 9, 2017 judgment declaring appellant a vexatious litigator remained in effect, and that it would not hold an

5.

in-camera hearing because LMHA's motion to quash had been granted in the court's February 22, 2017 judgment. Appellant timely appealed.

**Assignment of Error No. 1**

{¶ 15} Appellant first argues the Toledo Municipal Court erred in sua sponte declaring him a vexatious litigator. Appellees have not filed a brief in response.

{¶ 16} R.C. 2323.52(B) and (C) state as follows:

(B) A person, the office of the attorney general, or a prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation who has defended against habitual and persistent vexatious conduct in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court may commence *a civil action in a court of common pleas with jurisdiction* over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator. The person, office of the attorney general, prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation may commence this civil action while the civil action or actions in which the habitual and persistent vexatious conduct occurred are still pending or within one year after the termination of the civil action or actions in which the habitual and persistent vexatious conduct occurred.

6.

(C) A civil action to have a person declared a vexatious litigator shall proceed as any other civil action, and the Ohio Rules of Civil Procedure apply to the action.

(Emphasis added.) R.C. 2323.52(B) and (C).

{¶ 17} Pursuant to Civ.R. 3, and for purposes of R.C. 2323.52, a "civil action is commenced by filing a complaint with the court [of common pleas.]" *See Kinstle v. Union Cty. Sheriff's Office*, 3d Dist. Union No. 14-07-16, 2007-Ohio-6024, ¶ 9; *see also Howard v. Indus. Comm.*, 6th Dist. Lucas No. L-04-1037, 2004-Ohio-5672, ¶ 6.

{¶ 18} Here, the Toledo Municipal Court issued its judgment on February 9, 2017, in which it stated, in pertinent part, that "[t]he court further orders and declares that Plaintiff, Duane J. Tillimon, is a vexatious litigator pursuant to R.C. 2323.52(D)(1)."

{¶ 19} Appellant thereafter challenged the judgment by arguing R.C. 2323.52 does not grant such authority. The court issued another judgment on March 8, 2017, in which it addressed appellant's contention. In the entry the court stated that R.C. 1901.21(A) and 1901.131, read in conjunction, provide authority to declare appellant a vexatious litigator.

{¶ 20} R.C. 1901.21(A), as articulated by the trial court, states:

In any civil case or proceeding for which no special provision is made in this chapter, the practice and procedure in the case or proceeding shall be the same as in courts of common pleas. If no practice or procedure for the case or proceeding is provided for in the courts of common pleas, then the practice or procedure of county courts shall apply.

7.

*See Columbus Check Cashers v. Cary*, 196 Ohio App.3d 132, 2011-Ohio-1091, 962 N.E.2d 812, ¶ 16 (10th Dist.).

**{¶ 21}** Moreover, R.C. 1901.131 states:

Whenever an action or proceeding is properly brought in the housing or environmental division of a municipal court, the division has jurisdiction to determine, preserve, and enforce all rights involved in the action or proceeding, to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties, including, but not limited to, the granting of temporary restraining orders and temporary and permanent injunctions, to render personal judgment irrespective of amount in favor of any party, and to render any judgments and make any findings and orders in the same manner and to the same extent that the court of common pleas can render a judgment or make a finding or order in a similar action or proceeding.

**{¶ 22}** Based on our review of R.C. 2323.52, 1901.21 and 1901.131, and the relevant case law, we cannot say the trial court had authority to find and declare appellant a vexatious litigator.

**{¶ 23}** First, we find that the court's reliance on appellant being declared a vexatious litigator by the Lucas County Court of Common Pleas in 2007 was in error because that order was to only remain in force for three years. *See* R.C. 2323.52(E) (stating that "[a]n order that is entered under division (D)(1) of this section shall remain

8.

in force indefinitely unless the order provides for its expiration after a specified period of time.").

**{¶ 24}** Second, we find R.C. 2323.52(B) requires that such finding and declaration result from a civil action filed in a court of common pleas. *See Mayer v. Bristow*, 91 Ohio St.3d 3, 740 N.E.2d 656 (2000), paragraph two of syllabus ("R.C. 2323.52 grants authority to the court of common pleas * * *").

**{¶ 25}** Third, a civil action filed under R.C. 2323.52(B) can be done by "[a] person, the office of the attorney general, or a prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation[,]" but not sua sponte by a municipal court.

**{¶ 26}** Lastly, we find that neither R.C. 1901.21 nor 1901.131 provides a "gap filler" to allow the Toledo Municipal Court to sua sponte declare a party a vexatious litigator because there is no local or otherwise specific rule granting such authority. *See Columbus Check Cashers*, 196 Ohio App.3d 132, 2011-Ohio-1091, 962 N.E.2d 812, at ¶ 16 (stating R.C. 1901.21(A) "mandates a gap filler rule"). *But see* 8th Dist.Loc.App.R. 23 and S.Ct.Prac.R. 4.03 (allowing the respective court to sua sponte find a party to be a vexatious litigator).

**{¶ 27}** Accordingly, appellant's first assigned error is well-taken.

### Assignment of Error No. 2

**{¶ 28}** Appellant next argues the trial court erred in quashing the subpoena issued to the Lucas Metropolitan Housing Authority (LMHA).

9.

**{¶ 29}** Generally, "Civ.R. 45 allows supoenas (sic) to be issued to non-parties." *See*, *e.g.*, *Tisco Trading USA, Inc. v. Cleveland Metal Exchange, Ltd.*, 8th Dist. Cuyahoga No. 97114, 2012-Ohio-493, ¶ 7.

**{¶ 30}** Here, appellant issued a subpoena to LMHA requesting production of the complete record and file(s) for Trisha Fench and Kevin Coffey. LMHA responded with a motion to quash the subpoena, asserting there was no file for Fench, and that the file for Coffey was outside the scope of disclosure and could not be obtained without a waiver or court order.

**{¶ 31}** Appellant sought Coffey's file to aid in the execution of a judgment and to obtain information to verify Coffey's address, employment and, potentially, some trace of hidden assets. It was appellant's position that Coffey testified falsely regarding his assets, income and address, and that LMHA's file was going to corroborate appellant's suspicions. LMHA never fully complied with the subpoena.

**{¶ 32}** In its February 22, 2017 judgment entry the trial court quashed the subpoena and denied appellant's request to find LMHA in contempt of court. The court primarily noted that "the judgment debtor's (sic) had just testified under oath on December 5, 2016 as to their true address and income" and, that, "[appellant] presented no new evidence to the court as to the reasoning for requesting this information."

**{¶ 33}** In the entry, the court further stated:

In Respondent, LMHA's, motion to quash they have clarified that they treated the subpoena like a public records request and provided

10.

Plaintiff with the information he was entitled to. LMHA emailed Plaintiff and advised they have no file [on] Trisha Fench. The requested information for Kevin Coffey is outside the scope of disclosure and cannot be obtained without a waiver * * * or a court order. Respondent further cites *State ex. Rel. McCleary v. Roberts*, 88 Ohio St.3d 365, 369, 370 (2000), stating files of a private citizen created by a government are outside the scope of disclosure protected by the fundamental right to privacy.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Respondent, Lucas County Metropolitan Housing Authority's motion to quash subpoena duces tecum is GRANTED. They have provided the information to Plaintiff which could be released to the public.

**{¶ 34}** With respect to appellees' testimony on December 5, 2016, we note appellant did not request the transcript or supplement/correct the record for this appeal in accordance with App.R. 9. We must therefore presume regularity of the proceedings. *See State v. Newman*, 6th Dist. Wood No. WD-15-031, 2016-Ohio-2667, ¶ 7 ("Without a complete appellate record, we must presume the regularity of the proceedings.") Consequently, we accept the trial court's conclusions that appellees testified "as to their true address and income" and that "[appellant] presented no new evidence[.]"

**{¶ 35}** Nevertheless, we take issue with the trial court's adopted proposition that "files of [Coffey] created by [LMHA] are outside the scope of disclosure protected by the fundamental right to privacy."

11.

{¶ 36} Civ.R. 45(C)(3) provides that "[o]n timely motion, the court from which the subpoena was issued shall quash or modify the subpoena * * * if the subpoena does any of the following:"

> (a) Fails to allow reasonable time to comply;

> (b) Requires disclosure of privileged or otherwise protected matter and no exception or waiver applies;

> (c) Requires disclosure of a fact known or opinion held by an expert not retained or specially employed by any party in anticipation of litigation or preparation for trial as described by Civ.R. 26(B)(5), if the fact or opinion does not describe specific events or occurrences in dispute and results from study by that expert that was not made at the request of any party;

> (d) Subjects a person to undue burden.

*See* Civ.R. 45(C)(3)(a)-(d).

{¶ 37} In its February 9, 2017 motion to quash, LMHA asserted three arguments in support. First, that the court did "not have authority to issue subpoenas after judgment is obtained." Second, that the court had "no jurisdiction to enforce a subpoena against a nonparty, like LMHA, after a judgment entered by a court." And third, that when "[t]reating the subpoenas like a public records request," LMHA produced documents but not the entire file related to Coffey.

12.

{¶ 38} We find no legal basis in support of these three arguments. To the contrary, Civ.R. 69 states:

Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be as provided by law. In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may also obtain discovery from any person, including the judgment debtor, in the manner provided in these rules.

{¶ 39} Moreover, "the staff notes for Civ.R. 69 state, '[a]ll applicable discovery is made available to the judgment creditor * * * to discover property subject to execution. The discovery may be obtained from any person.'" *See Tisco Trading USA, Inc.*, 8th Dist. Cuyahoga No. 97114, 2012-Ohio-493, at ¶ 8.

{¶ 40} Pursuant to Civ.R. 45, we cannot say LMHA's file is outside the scope of disclosure. Based on our review of the record, appellant allowed LMHA a reasonable time to comply, the file and information was not reported as privileged, the request did not involve an expert, and the subpoena did not subject LMHA to an undue burden. *See* Civ.R. 45(C)(3)(a)-(d). Further, pursuant to Civ.R. 69, the subpoena was issued to

13.

LMHA to aid in the execution of a judgment against Coffey.  Therefore we hold that quashing appellant's subpoena as it related to Coffey was in error.

{¶ 41} Accordingly, appellant's second assigned error is well-taken.

## Conclusion

{¶ 42} The judgments of the Toledo Municipal Court are reversed.  The trial court order finding and declaring appellant a vexatious litigator is vacated, and LMHA is ordered to comply with appellant's December 2016 subpoena as it relates to Kevin Coffey.  The trial court is to conduct an in-camera inspection of the file and provide those documents found relevant and not otherwise protected to appellant.  Appellees are ordered to pay the costs of this appeal.  *See* App.R. 24.

Judgments reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J. _____

Thomas J. Osowik, J. _____

James D. Jensen, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE