[Cite as *Worldwide Asset Purchasing, L.L.C. v. Shuster*, 2019-Ohio-1441.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

WORLDWIDE ASSET PURCHASING, L.L.C., :

:

       Plaintiff-Appellee, :

:        No. 107431

       v. :

KAREN L. SHUSTER, :

:

       Defendant-Appellant. :

:

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 18, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-06-586460

---

### *Appearances:*

Karen L. Shuster, pro se, *appellant.*

Reimer Law Co., Eric Wasserman, Evana Carolyn Delon, and Cliff G. Babcock, *for appellee.*

RAYMOND C. HEADEN, J.:

{¶ 1} Defendant-appellant Karen L. Shuster ("Shuster") appeals pro se from the trial court's order granting plaintiff-appellee Galaxy Portfolios, L.L.C.'s ("Galaxy") motion for revivor. For the reasons that follow, we affirm.

## Statement of the Facts

{¶ 2}　Worldwide Asset Purchasing, L.L.C. ("Worldwide") filed a complaint on March 13, 2006, naming Shuster as the sole defendant and seeking judgment on an unpaid credit card agreement.  Shuster failed to answer the complaint and the lower court granted a default judgment on May 18, 2007, in the amount of $14,294.20.

{¶ 3}　Subsequent to receiving the judgment against Shuster, Worldwide assigned its interest in the judgment to Galaxy.  Galaxy filed a motion to substitute party plaintiff on September 14, 2015, and the motion was granted by the trial court on September 23, 2015.

{¶ 4}　There was no activity on this matter until a notice of appearance was filed by Galaxy's counsel on August 14, 2017; Shuster then filed a sworn denial on account on August 29, 2017.  Galaxy filed a motion to revive on September 18, 2017, which was withdrawn on September 20, 2017, to allow Galaxy to review Shuster's denial on account.  Galaxy filed a second motion to revive on November 2, 2017.  Shuster filed a motion to deny revival and a motion to dismiss on November 16, 2017.  Shuster's motion to dismiss was stricken on December 6, 2017; the motion was an improper action following the adjudication and judgment rendered in 2007.  Shuster's second motion to dismiss, filed on May 7, 2018, was stricken on June 27, 2018 for the same reasoning.

{¶ 5}　On June 28, 2018, the trial court heard oral arguments and granted Galaxy's motion to revive the 2007 judgment and denied Shuster's motion to deny

revival.   Shuster filed this appeal July 10, 2018, and presents the following assignment of error and statement of issues presented:

Assignment of Error:  The lower court erred by allowing judgment to be revived in favor of Plaintiff/Appellee.

**Statement of Issues Presented**:

1. Did Plaintiff/Appellee have standing to bring this action?

2. Was there a trial by jury in the lower court?

3. Did Plaintiff/Appellee prove ownership of the debt?

4. Did Plaintiff/Appellee prove chain of title for the debt?

## Law and Analysis

{¶ 6}   Shuster's assignment of error, statement of issues presented, and brief present a variety of issues that are not succinctly stated within the assignment of error.  Shuster alleges Worldwide lacked standing to bring the initial action and Galaxy had no standing to bring the revivor action where Galaxy failed to establish chain of title for the debt.  Shuster avers failure to establish the chain of title resulted in a violation of the Fair Debt Collection Practices Act and Ohio Consumer Sales Practices Act.  Shuster also argues she was denied a right to a trial by jury. Allegations against Worldwide needed to be addressed either at the trial-court level or on appeal from the action filed by Worldwide.  Shuster cannot now raise on appeal issues related to Worldwide and, as a result, those allegations will not be addressed. Shuster's first, third, and fourth arguments will be addressed together since they raise a similar question.  The issue is whether Galaxy provided sufficient evidence to

establish the assignment of Worldwide's judgment to Galaxy and, thereby, provide Galaxy standing to file the motion to revive the judgment against Shuster.

{¶ 7} Despite Shuster's reliance on standing, this issue was rendered moot when the trial court granted Galaxy's motion to substitute party plaintiff on September 23, 2015. Civ.R. 25(C) allows the substitution of a party who succeeds to an interest previously held by another. *Argent Mtge. Co. v. Ciemins*, 8th Dist. Cuyahoga No. 90698, 2008-Ohio-5994, ¶ 11. "[S]ubstitution operates as if the action had been commenced in the name of the real party in interest." *Id.* Upon the granting of the motion to substitute party plaintiff, Galaxy became the real party in interest to file a subsequent revivor action.

{¶ 8} "It is a well settled rule of law that, if a court had jurisdiction of the person and subject matter, any defense which preceded the entry of judgment, including that the judgment was procured by fraud, cannot be asserted in a revivor proceeding." *Walsh v. Patitucci*, 8th Dist. Cuyahoga No. 93717, 2009-Ohio-6829, ¶ 29. In a proceeding in revivor, it is not appropriate to relitigate the question involved in the original suit, or to collaterally impeach the record and judgment. *Nestlerode v. Foster*, 8 Ohio C.C. 70, 72, 4 Ohio Cir. Dec. 385, 1893 Ohio Misc. LEXIS 170, 4 (1893). In *Van Nover v. Eshleman*, 14 Ohio C.C. (N.S.) 348, 24 Ohio Cir. Dec. 210, 349 (1911), the court stated that:

> [a] conditional order of revivor is a revivor of the judgment subject to be defeated by the judgment debtor showing that the judgment has been paid, settled or barred by the statute of limitations, as these are practically the only defenses that can be made to the revivor of a dormant judgment.

Shuster's only defense to the motion in revivor was that the judgment had been paid, settled, or barred by the statute of limitations. Absent such claims, Shuster had no valid defense. Shuster cannot now claim a violation of the Fair Debt Collection Practices Act or the Ohio Consumer Sales Practices Act. Shuster failed to raise these defenses at the trial level, and is barred from doing so on appeal.

{¶ 9} For the foregoing reasons, the arguments in Shuster's first, third, and fourth statements of issues presented are meritless.

{¶ 10} In Shuster's second statement of issues presented, she argues she was denied her right to a trial by jury in the lower court.

{¶ 11} In the instant matter, Galaxy filed a motion for revivor. A motion for revivor of a dormant judgment is granted in the amount the judge finds still due and unsatisfied unless sufficient cause is shown to the contrary. *Columbus Check Cashers v. Cary*, 196 Ohio App.3d 132, 2011-Ohio-1091, 962 N.E.2d 812, ¶ 15 (10th Dist.2011). A trial is not held on the motion for revivor, but a hearing. "Seeking to revive a judgment does not involve the creation of a new action, but merely the institution of a special proceeding within the original action." *Id.* at ¶ 19. There is no right to a jury trial in a revivor action where one seeks to revive a prior judgment. Therefore, Shuster's claim that she was denied a jury trial is meritless and we overrule the argument in her second statement of issue.

{¶ 12} We find no merit in the arguments in Shuster's four statements of issues presented and hereby overrule her assignment of error. The lower court did not err in ordering the revival of Galaxy's judgment against Shuster.

**{¶ 13}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

MARY EILEEN KILBANE, A.J., and
LARRY A. JONES, SR., J., CONCUR