[Cite as *Patel v. Lambrecht*, 2014-Ohio-2953.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| PRITIKA PATEL, et al., | : | |
| Plaintiffs-Appellants, | : | |
| | | Case No. 13CA3 |
| v. | : | |
| | | <u>DECISION AND</u> |
| THOMAS LAMBRECHT, et al., | : | <u>JUDGMENT ENTRY</u> |
| Defendants-Appellees. | : | RELEASED 06/26/2014 |

<u>APPEARANCES:</u>

F. Harrison Green, F. Harrison Green Co., L.P.A., Cincinnati, Ohio, for Appellant.

Gerald A. Mollica and Andrew J. Mollica, Mollica, Gall, Sloan, & Sillery Co., L.P.A., Athens, Ohio, for Appellee.

Hoover, J.

{¶ 1} Appellant, Pritika Patel, appeals the judgment of the Athens County Common Pleas Court, which dismissed her complaint on the basis of *forum non conveniens*. On appeal, appellant contends that 1) the trial court abused its discretion in applying the doctrine of *forum non conveniens*; 2) the trial court erred in considering unauthenticated documents in making its determination to dismiss the complaint, in violation of the Ohio Rules of Evidence; and 3) the trial court erred in granting the motion to dismiss on the basis of *forum non conveniens* because the trial court record is devoid of any indication that her attorney was ever served with the motion to dismiss at the attorney's last known address.

{¶ 2} Having reviewed the record, we agree that the certificate of service contained within the motion to dismiss indicates an incorrect address for appellant's trial counsel.

Moreover, proof of service to the correct address was never filed with the trial court. Thus, we sustain appellant's supplemental assignment of error and remand this matter to the trial court. In light of our disposition of appellant's supplemental assignment of error, appellant's remaining assignments of error are rendered moot. Accordingly, the judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion.

I.          Introduction

{¶ 3} On December 12, 2011, appellant, individually and as special administrator of the estate of Rumanbhai M. Patel[1], filed a complaint in the Athens County Common Pleas Court against appellee, Thomas Lambrecht dba Lambrecht Financial Services, and John Does 1-4. The complaint alleged claims of fraud, breach of fiduciary duty, and breach of oral contract. The claims arose from appellee's role in the 2007 sale of the Scottish Inn located in Bloomington, Indiana, from Shree Ram, Inc.,[2] to the Indiana Hospitality Real Estate & Management, LLC. [Complaint at ¶ 5.][3]

{¶ 4} Appellant, in her capacity as special administrator of the estate of Rumanbhai M. Patel, is also a party to litigation filed in the Monroe County Circuit Court in Monroe County, Indiana, bearing case number 53CO1-0906-PL-1405. The Indiana litigation also involves claims and issues concerning the sale of the Scottish Inn. Appellee is apparently not a party to the Indiana litigation. However, he was deposed in the Indiana litigation as a potential witness.

---

[1] Rumanbhai Patel died on January 13, 2010. [Complaint at ¶ 15.]
[2] According to the complaint, at the time of the transaction, Rumanbhai Patel owned 85% of the shares of stock in Shree Ram, Inc. [Complaint at ¶ 6.]
[3] Appellee was allegedly hired by Shree Ram, Inc., "to provide assistance, professional guidance[,] and advice in securing approval for a short sale and to locate a buyer for the Scottish Inn." [Complaint at ¶ 8.] Despite his purported obligations to Shree Ram, Inc., appellee also allegedly agreed to represent the Indiana Hospitality Real Estate & Management, LLC, in its negotiations to purchase the Scottish Inn. [Complaint at ¶ 19.] Certain promises and assurances were allegedly made, but not fulfilled, between appellee and Rumanbhai Patel during and after the transaction. [*See* Complaint at ¶¶ 26-35.]

According to memorandum previously filed in this court, the Indiana litigation has been tried to the bench and the parties are awaiting verdict.

{¶ 5} For much of the trial court proceedings in the instant case, attorney John A. Zervas represented appellant. In the complaint, attorney Zervas listed his business address as 326 South High Street, Suite 500, Columbus, Ohio. Mysteriously absent from the record is the answer of appellee, despite the fact that the record shows service of process was completed via certified mail on December 24, 2011. On February 6, 2012, the trial judge's assignment commissioner wrote a letter to attorney Zervas, indicating that appellee had not filed an answer despite being served his summons and complaint on December 24, 2011, and urging attorney Zervas to "[p]lease take the next step in the prosecution of your case by scheduling either a default hearing or a status conference." While the letter is addressed to attorney Zervas, it lists his address as 155 E. Broad Street, 12th Floor, Columbus, Ohio. The letter was filed with the trial court and is part of the record on appeal.

{¶ 6} On March 23, 2012, the trial court filed a show cause order, in which the trial court notified appellant that the case would be dismissed, without prejudice, for failure to prosecute unless appellant showed cause within fourteen days why the case should not be dismissed. The show cause order indicates that a copy of the order was delivered to attorney Zervas' South High Street address.

{¶ 7} On April 6, 2012, appellant filed her response to the trial court's show cause order. The response indicates that appellee filed an answer to the complaint "on or about January 19, 2012." Again, the record on appeal contains no such answer. Appellant's response further stated that the parties were engaging in discovery conversations, and that appellant was otherwise

diligently working towards securing other evidence pertinent to the lawsuit. The response listed attorney Zervas' address as 691 North High Street, Suite 304, Columbus, Ohio.

{¶ 8} Also on April 6, 2012, attorney Zervas filed with the trial court a Notice of Change of Address for Plaintiff's Counsel, formally notifying the court and appellee of his new North High Street address.

{¶ 9} On May 25, 2012, appellee filed a motion to dismiss the complaint on the basis of *forum non conveniens*. Appellee alleged that nearly all the relevant documents and witnesses were located in Indiana, that negotiations concerning the sale of the Scottish Inn principally took place in Indiana, and that the claims brought against him should have been sought in the Indiana litigation. In support of his motion, appellee attached portions of various pleadings from the Indiana litigation, and referenced various statements appellant had made in response to the trial court's show cause order, in which appellant acknowledged the Indiana lawsuit and admitted that the Indiana case "involves claims and issues involving the sale" of the Scottish Inn and that "[n]early all of the relevant documents and witnesses are located outside the State of Ohio." Finally, appellee's memorandum in support urged the trial court to "dismiss this case, without prejudice, thereby allowing it to be transferred or filed in the State of Indiana with the Court where the similar complaint is already being heard." The certificate of service indicated that the motion to dismiss and memorandum in support were served upon attorney Zervas at his South High Street address, via regular mail on May 25, 2012.

{¶ 10} On June 6, 2012, the trial court issued a Notice of Hearing, scheduling a telephonic status conference for July 9, 2012. The notice indicates that service was made upon attorney Zervas at his North High Street address.

{¶ 11} The trial court filed a journal entry on July 9, 2012, in which the court indicated that a telephonic status conference had been held on that same date. The journal entry noted that appellee's counsel discussed the motion to dismiss, but neither the court nor attorney Zervas had seen the motion. Ultimately, the journal entry scheduled another telephonic status conference for October 15, 2012, so that the court and appellant could properly evaluate the motion to dismiss. The journal entry noted that attorney Zervas had filed a Notice of Change of Address, "which, perhaps, had not been seen by Defendant's counsel." Finally, while the journal entry indicates that attorney Zervas was sent a copy of the entry, it does not indicate to which address the copy was delivered.

{¶ 12} The trial court filed a judgment entry dismissing appellant's complaint without prejudice on October 18, 2012. The entry contained the wrong case number, therefore a nunc pro tunc judgment entry was filed a week later on October 25, 2012, correcting the case number. Both entries were prepared by appellee's counsel, and signed by the trial judge.

{¶ 13} Both the October 18 judgment entry, and October 25 nunc pro tunc judgment entry, indicate that attorney Zervas did not participate in the October 15 telephonic status conference. The entries also state that "Defense counsel re-sent copies of his Motion to Dismiss to the Court and to Plaintiffs' Counsel[,]" and that "no memorandum in opposition to Defendant's Motion to Dismiss was filed by Plaintiffs' Counsel." Each judgment entry dismissed the case without prejudice, but offered little explanation as for its reasons of dismissal, simply stating that it found appellee's motion to dismiss "well-taken."

{¶ 14} The October 18 judgment entry specifically ordered the clerk of courts to send a copy of the entry to counsel of record. However, there is no indication in the trial record that the clerk complied with the order. The October 25 nunc pro entry does not contain an order directing

the clerk's office to serve a copy of the entry on the parties. It does, however, contain a certificate of service, in which appellee's counsel certified that a copy of the document was served upon attorney Zervas at his North High Street address, via regular mail on October 24, 2012. It is not clear, however, whether attorney Zervas was served with an unsigned, proposed entry, or a copy of an executed final entry.

{¶ 15} On December 20, 2012, appellant filed a Notice of Substitute of Counsel, in which appellant notified the court that attorney Zervas was being substituted by attorney Omar Tarazi, as counsel of record. On that same date, appellant filed a Motion to Direct the Clerk to Serve Final Order or in the Alternative to Strike the Entry, being the October 25 nunc pro tunc judgment entry. The motion argued that the trial court did not comply with Civ.R. 58(B), because the entry did not contain a direction to the clerk to serve the judgment on the parties, and because the appearance docket in the case did not show a notation of service by the clerk. The appellee filed a memorandum in opposition on January 8, 2013.

{¶ 16} On January 10, 2013, a second nunc pro tunc judgment entry was filed that added standard final appealable order language and that directed the clerk to serve notice of the judgment on the parties and to note the service in the appearance docket. On January 14, 2013, there is a notation of service by the clerk in accordance with the court's direction. Other than the above described, the second nunc pro tunc judgment entry is nearly identical to the previous dismissal entries.

{¶ 17} On January 25, 2013, appellant filed her notice of appeal; and after the appeal had been fully briefed by the parties, appellant sought leave to file a supplemental assignment of error and supporting brief. We granted the motion for leave, and thus, appellant's assignments of error and supplemental assignment of error are properly before this Court.

## II.      Assignments of Error

{¶ 18} On appeal, appellant assigns the following errors for review:

First Assignment of Error:

> The Court committed an abuse of discretion in applying the doctrine of "forum non conveniens."

Second Assignment of Error:

> The Court erred in considering unauthenticated and unsupported facts and documents introduced in violation of the Ohio rules of evidence.

Supplemental Assignment of Error:

> The Court erred in granting Appellee's motion to dismiss when there was no certificate of service in the record indicating that it was ever served to Plaintiff-Appellant's attorney's correct address.

## III.      Law & Analysis

{¶ 19} For purposes of convenience, we elect to address appellant's supplemental assignment of error first. In her supplemental assignment of error, appellant contends that the trial court erred in considering the motion to dismiss because the certificate of service indicated that the motion was delivered to an old address no longer affiliated with her counsel. Specifically, appellant argues that the trial court should not have considered the merits of the motion to dismiss when it did not include a correct proof of service as required by Civ.R. 5(B)(3).

{¶ 20} Civ.R. 5(A) provides that "every written motion other than one which may be heard ex parte * * * shall be served upon each of the parties." However, if a party is represented by an attorney, then the rules require that service be made on the party's attorney of record. Civ.R. 5(B)(1). "The rational[e] for this rule is that a party represented by counsel usually speaks

through counsel, and counsel 'is in a better position to understand the legal import of any documents required to be served on his or her client and the nature of the action to be taken.' " *Parallel Homes, L.L.C. v. Stephens*, 1st Dist. Hamilton No. C-130292, 2014-Ohio-840, ¶ 12, quoting *Swander Ditch Landowners' Assn. v. Joint Bd. of Huron & Seneca Cty. Commrs.*, 51 Ohio St.3d 131, 134, 554 N.E.2d 1324 (1990).

{¶ 21} Service pursuant to Civil Rule 5 may be made by "mailing it to the person's *last known address* by United States mail, in which event service is complete upon mailing." (Emphasis added.) Civ.R. 5(B)(2)(c). A served document "shall be accompanied by a completed proof of service which shall state the date and manner of service * * * and be signed in accordance with Civ.R. 11. Documents filed with the court shall not be considered until proof of service is endorsed thereon or separately filed." Civ.R. 5(B)(3).

{¶ 22} Here, appellant's complaint bears a South High Street, Columbus, Ohio, address for attorney Zervas. Thus, the South High Street address became Zervas' address of record upon filing of the complaint. However, prior to the filing of appellee's motion to dismiss, Zervas filed a formal notice with the trial court indicating that his address had changed to a North High Street, Columbus, Ohio, address. Because Zervas formally notified the court and opposing counsel of his change of address, service of the motion to dismiss to the South High Street address was deficient. *See* Civ.R. 5(B)(2)(c) (indicating that service may be accomplished by mailing the document to the person's last known address). North High Street was attorney Zervas' last known address. Even after learning of the error at the first telephonic status conference, appellee never re-filed the motion with a certificate of service containing the correct address. Furthermore, a review of the record reveals that proof of service with the correct address was not separately filed.

{¶ 23} We acknowledge that the dismissal entries indicate that appellee's counsel "re-sent" copies of the motion to appellant's counsel. However, no proof of service was entered on the record indicating to which address the copies were "re-sent," or indicating the manner or date the documents were "re-sent." "Proper service under the civil rules is mandatory even if a party represented by counsel might otherwise learn of the action taken by the court." *Stephens*, 2014-Ohio-840 at ¶ 13, citing *Peroz v. Nagel*, 9th Dist. Summit No. 21437, 2003-Ohio-6584, ¶ 10, and *Jackson v. Davenport*, 2d Dist. Greene No. 93CA75, 1994 WL 277953, *2 (June 22, 1994); *see also Pla v. Wivell*, 9th Dist. Summit No. 25814, 2011-Ohio-5637, ¶ 13 ("[T]he language of the Civil Rules regarding service of process is mandatory, and * * * a trial court may not consider a motion if the motion failed to comply with the rules regarding service of process.").

## IV.    Conclusion

{¶ 24} In sum, the record is devoid of any proof that service was ever perfected upon appellant's counsel at counsel's correct address. Thus, under Civ.R. 5(B)(3), the trial court was precluded from considering appellee's motion to dismiss on the basis of *forum non conveniens*. Accordingly, we sustain appellant's supplemental assignment of error, and because appellant's remaining assignments of error all stem from the dismissal judgment, they have been rendered moot.

{¶ 25} For the foregoing reasons, the judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

JUDGMENT REVERSED AND
CAUSE REMANDED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED and CAUSE REMANDED for further proceedings consistent with this opinion. Appellee shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & McFarland, J.: Concur in Judgment & Opinion.

For the Court

By:_____
            Marie Hoover, Judge


**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.