[Cite as *Evans v. Henderson*, 2018-Ohio-2531.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Vernon M. Evans, | : | |
| Plaintiff-Appellant, | : | No. 17AP-765 |
| | | (C.P.C. No. 17CV-6819) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Randall E. Henderson, | : | |
| Defendant-Appellee. | : | |

---

# D E C I S I O N

### Rendered on June 28, 2018

---

**On brief:** *Vernon M. Evans,* pro se. **Argued:** *Vernon M. Evans.*

**On brief:** *Carpenter Lipps & Leland LLP, Theodore M. Munsell,* and *Karen M. Cadieux,* for appellee. **Argued:** *Karen M. Cadieux.*

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Vernon M. Evans, appeals from a decision and entry of the Franklin County Court of Common Pleas granting the Civ.R. 12(B)(6) motion to dismiss of defendant-appellee, Randall E. Henderson. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On August 1, 2017, Evans filed a complaint purporting to assert claims of assault and battery against Henderson, who is a medical doctor. Pursuant to the allegations contained in the complaint, Evans was admitted to St. Ann's Hospital for surgery from May 10 to 11, 2014. While he was in the hospital, Evans alleges Dr. Henderson committed assault and battery against him while he was in the operating room and the recovery room. Evans alleged he sustained injuries to his teeth, head, mouth, lips, gums, tongue, jaw, face,

chest, stomach, and groin as a result of the alleged assault and battery. Evans did not file an accompanying affidavit of merit for a medical claim along with the complaint. On the complaint, Evans listed his address as "457 Rutherford Ave., Delaware, Ohio 43015-1129."

{¶ 3} On August 30, 2017, Dr. Henderson filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Dr. Henderson argued that if the trial court construed Evans' complaint as a medical claim, Dr. Henderson was entitled to dismiss both because Evans did not file the required affidavit of merit and because the medical claim was time-barred by the applicable statute of limitations. Alternatively, Dr. Henderson argued that if the trial court construed the complaint as one for assault and battery, he was still entitled to dismissal because the complaint was time-barred by the statute of limitations applicable to claims of assault and battery. The certificate of service accompanying Dr. Henderson's motion to dismiss stated the motion was filed with the court's electronic filing system and was served by United States mail upon "Vernon M. Evans, 457 Rutherford Avenue, Delaware, Ohio 43015."

{¶ 4} Evans did not file a response to Dr. Henderson's motion to dismiss. On October 6, 2017, the trial court issued a decision and entry granting Dr. Henderson's motion to dismiss for failure to state a claim. The trial court concluded that, whether it construes Evans' complaint as one for assault and battery or one for a medical claim, the statute of limitations for both of those claims is one year. On the face of the complaint, Evans stated his injuries occurred between May 10 and 11, 2014, but he did not file his complaint until August 1, 2017. Thus, the trial court concluded the statute of limitations barred Evans' complaint, and it granted Dr. Henderson's motion to dismiss. Evans timely appeals.

## II. Assignments of Error

{¶ 5} Evans assigns the following errors for our review:

> [1.] The court erred by not giving plaintiff/appellant "service of motion to dismiss."
>
> [2.] The court erred by not giving plaintiff/appellant "the opportunity to respond to motion to dismiss."
>
> [3.] The court erred by ruling against (pro se litigant) plaintiff/appellant: not on courts e-filing system; didn't receive at home.

> [4.] The court erred by granting defendant/appellee "motion to dismiss" <u>because it was not time-barred</u>, by Revised Code 2305.113(C)(1)(2) which states an four (4) year statute of limitations; an toll on the statute of limitations motion (due to plaintiff/appellant being totally and permanently disabled since 2007), that plaintiff/appellant did not get to file since plaintiff/appellant did not receive "service of motion to dismiss"; "the opportunity to respond"; the level/degree of assault and battery that carries an six (6) year statute of limitations, deemed by police department investigation.

(Emphasis sic.)

### III. First, Second, and Third Assignments of Error – Service

{¶ 6} Evans' first, second, and third assignments of error are interrelated and we address them jointly. In these assignments of error, Evans asserts that he was not served with a copy of the motion to dismiss prior to the trial court's ruling. Taken together, these three assignments of error assert the trial court erred in granting Dr. Henderson's motion to dismiss because Evans did not receive the motion to dismiss.

{¶ 7} Pursuant to Civ.R. 5(B)(2)(c), a party may be served with a motion by mailing it to the person's last known address by United States mail. If service by United States mail is used, service is complete upon mailing. Civ.R. 5(B)(2)(c). " 'Where a party follows the Ohio Civil Rules of Procedure, courts presume proper service unless the presumption is rebutted with sufficient evidence.' " *Edney v. Life Ambulance Serv., Inc.*, 10th Dist. No. 11AP-1090, 2012-Ohio-4305, ¶ 7, quoting *Paasewe v. Wendy Thomas 5 Ltd.*, 10th Dist. No. 09AP-510, 2009-Ohio-6852, ¶ 22. "This presumption of proper service 'may only be rebutted by producing sufficient evidence, such as an affidavit, that the responding party never received service.' " *Fifth Third Bank v. Schaffer*, 10th Dist. No. 13AP-118, 2013-Ohio-5702, ¶ 7, quoting *White v. Stotts*, 3d Dist. No. 1-10-44, 2010-Ohio-4827, ¶ 45. " '[U]nsworn statements, such as bare allegations in an appellate brief, do not constitute evidence and are not sufficient to rebut the presumption of proper service.' " *Edney* at ¶ 7, quoting *Paasewe* at ¶ 22.

{¶ 8} Here, Dr. Henderson filed his motion to dismiss on August 30, 2017. The filing included a certificate of service signed by counsel for Dr. Henderson attesting that a copy of the motion was sent to Evans by United States mail at the address that Evans had

listed on the complaint as his own.  Evans makes no allegation that he no longer resides at the address he listed on the complaint.  We additionally note that on October 16, 2017, after the trial court rendered judgment dismissing the complaint, Evans filed an untimely response to Dr. Henderson's motion to dismiss.  In this untimely response, Evans made no allegation that he did not receive service of the motion; instead, he argued only that the statute of limitations had not yet run.  Instead, he asserts for the first time in his appellate brief that he did not receive a copy of the motion to dismiss.  This type of allegation is insufficient to rebut the presumption of proper mail service.  *Edney* at ¶ 7; *Schaffer* at ¶ 7.

{¶ 9}   Because there is no evidence in the record to rebut the presumption that Evans received proper service of the motion to dismiss, we overrule Evans' first, second, and third assignments of error.

## IV.  Fourth Assignment of Error – Motion to Dismiss

{¶ 10}  In his fourth and final assignment of error, Evans argues the trial court erred in granting Dr. Henderson's motion to dismiss.  More specifically, Evans argues the trial court erroneously concluded that Evans' claims were time-barred by the applicable statute of limitations.

{¶ 11} Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint.  *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975).  In ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff.  *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).  The dismissal of a complaint for failure to state a claim is proper when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief.  *Celeste v. Wiseco Piston*, 151 Ohio App.3d 554, 2003-Ohio-703, ¶ 12 (11th Dist.).  Furthermore, a motion to dismiss based upon the application of a statute of limitations may be granted when the complaint shows conclusively on its face that the action is time barred.  *See Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376 (1982), paragraph three of the syllabus.  When reviewing a decision on a Civ.R. 12(B)(6) motion to dismiss for failure

to state a claim upon which relief can be granted, this court's standard of review is de novo. *Foreman v. Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9.

{¶ 12} In the trial court and on appeal, Dr. Henderson asserts it is unclear from Evans' complaint whether Evans intended to assert a medical claim or a claim for assault and battery. However, as the trial court noted in its decision and entry granting Dr. Henderson's motion to dismiss, Evans' complaint is time-barred under the applicable statute of limitations for either claim.

{¶ 13} Pursuant to R.C. 2305.111, the statute of limitations for a claim of assault and battery is one year. *Zhelezny v. Olesh*, 10th Dist. No. 12AP-681, 2013-Ohio-4337, ¶ 14, citing *Stafford v. Columbus Bonding Ctr.*, 177 Ohio App.3d 799, 2008-Ohio-3948, ¶ 15 (10th Dist.). Similarly, R.C. 2305.113(A) provides the statute of limitations for a medical claim is one year. *Szwarga v. Riverside Methodist Hosp.*, 10th Dist. No. 13AP-648, 2014-Ohio-4943, ¶ 8; *Adams v. Midtown Obstetrics & Gynecology, Inc.*, 10th Dist. No. 08AP-737, 2009-Ohio-1564, ¶ 14. On the face of the complaint, Evans alleges his injuries occurred sometime between May 10 and 11, 2014. Thus, whether his claim is one for assault and battery or one for a medical claim, Evans would need to have brought his claim within one year of those injuries, by May 11, 2015 at the latest, in order for it to be timely under either statute of limitations. Here, Evans did not file his complaint until August 1, 2017, more than two years after the one-year statute of limitations had expired.

{¶ 14} Evans argues the trial court erroneously concluded the statute of limitations was one year and that his claims instead should be subject to a six-year statute of limitations, citing an alleged conversation he had with a police officer. It appears Evans may be referencing the criminal statute of limitations for felonious assault contained in R.C. 2901.13(A)(1)(a), which is, indeed, six years. *See generally State v. Cook*, 128 Ohio St.3d 120, 2010-Ohio-6305 (felony offenses have a six-year statute of limitations). However, Evans' complaint asserts a civil action seeking money damages for alleged injuries he sustained. As we explained above, the statute of limitations applicable to a civil claim of assault and battery is one year. *Love v. Port Clinton*, 37 Ohio St.3d 98, 98 (1988) ("when bodily injury results from an assault o[r] battery, the one-year statute of limitations, R.C. 2305.111, is applicable"). Accordingly, the trial court did not err when it concluded the applicable statute of limitations is one year and granted Dr. Henderson's Civ.R. 12(B)(6)

motion to dismiss based on the statute of limitations.  We, therefore, overrule Evans' fourth and final assignment of error.

## V.  Disposition

{¶ 15}  Based on the foregoing reasons, Evans does not present sufficient evidence to rebut the presumption of proper service of the motion to dismiss, and the trial court did not err in granting Dr. Henderson's Civ.R. 12(B)(6) motion to dismiss.  Having overruled Evans' four assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and HORTON, JJ., concur.

————————————————