[Cite as *Crown Asset Mgt., L.L.C. v. McCabe*, 2025-Ohio-2384.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| CROWN ASSET MANAGEMENT, LLC, | : | |
| Appellee, | : | CASE NO. CA2025-01-003 |
| | : | O P I N I O N |
| - vs - | | 7/7/2025 |
| | : | |
| HELENA A. McCABE, | : | |
| Appellant. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 23CV96685

Levy & Associates, LLC, and Crystal M. Duplay and Erin Enderle, for appellee.

Helena A. McCabe, pro se.

**PIPER, J.**

{¶ 1} Appellant, Helena A. McCabe, appeals the decision of the Warren County Court of Common Pleas granting summary judgment to appellee, Crown Asset Management, LLC. For the reasons outlined below, we affirm the trial court's decision.

{¶ 2} On October 30, 2023, appellee filed a complaint against McCabe seeking to recover on a debt then due and owing in the amount of $16,930.82 plus interest. The complaint was properly served on McCabe via United States certified mail on November 13, 2023. Just over two weeks later, on November 30, 2023, McCabe filed an answer

denying appellee's claim against her. Following nearly a year of discovery, on September 3, 2024, the trial court issued an order scheduling the matter for a bench trial to be held on December 11, 2024 at 9:00 a.m. There is no dispute that McCabe received a copy of this scheduling order.

{¶ 3} On November 5, 2024, appellee moved for summary judgment against McCabe. Appellee's motion included a certificate of service certifying that an original copy of its motion had been served upon McCabe via United States mail. McCabe did not file any response to appellee's motion for summary judgment.

{¶ 4} On December 4, 2024, the trial court issued an entry granting appellee's motion for summary judgment against McCabe in the amount of $16,930.82 plus interest. Two days later, on December 6, 2024, McCabe filed a letter with the trial court in which she alleged that she had "never received correspondence or had the chance to appear in court to further defend this issue, which is a fraudulent claim." McCabe also alleged that she had "never received any notice to appear in court except for a rescheduled date of December 11, 2024 at 9:00 a.m."

{¶ 5} The trial court did not issue any response to McCabe's letter. Rather, on January 3, 2025, McCabe filed a notice of appeal from the trial court's entry granting summary judgment to appellee. Approximately five months later, on May 21, 2025, McCabe's appeal was submitted to this court for review. McCabe's appeal now properly before this court for decision, McCabe has raised one assignment of error for review.

{¶ 6} THE TRIAL COURT ERRORED IN GRANTING SUMMARY JUDGMENT WITHOUT INSURING PROPER SERVICE OF THE MOTION FOR SUMMARY JUDGMENT TO [McCABE], IN VIOLATION OF OHIO RULE OF CIVIL PROCEDURE 56(C) AND DUE PROCESS.

{¶ 7} In her single assignment of error, McCabe argues the trial court erred by

granting summary judgment to appellee because she was never properly served with appellee's motion for summary judgment. We find no merit to this claim.

**{¶ 8}** "Under Civ.R. 5(B)(2)(c), a party may be served with a motion by mailing it to the person's last known address by United States mail." *CitiMortgage, Inc. v. Guinther*, 2013-Ohio-4014, ¶ 39 (10th Dist.). When this method of service is used, "service is complete upon mailing." *Cuyahoga Hts. v. Ram Supply Chain, LLC*, 2021-Ohio-315, ¶ 33 (8th Dist.). "A presumption of proper service exists when the record reflects that the Civil Rules pertaining to service of process have been followed." *JP Morgan Chase Bank v. Ritchey*, 2007-Ohio-4225, ¶ 40 (11th Dist.). This presumption may be rebutted, however. *See Evans v. Henderson*, 2018-Ohio-2531, ¶ 7 (10th Dist.).

**{¶ 9}** "The presumption of proper service may be rebutted by sufficient evidence that service was not received." *Lacy v. State*, 2020-Ohio-3089, ¶ 90 (11th Dist.). For example, this evidence may come in the form of a sworn to affidavit for it is well-settled that "an unsworn statement is insufficient to rebut the aforementioned presumption." *Speigel v. Ianni*, 2023-Ohio-3809, ¶ 74 (1st Dist.). This is because unsworn statements, "such as bare allegations in an appellate brief," do not constitute evidence. *Poorman v. Ohio Adult Parole Auth.*, 2002-Ohio-1059, ¶ 11 (4th Dist.).

**{¶ 10}** In this case, other than her bare, unsworn statements to both the trial court and this court on appeal, McCabe has presented no evidence to rebut the presumption of proper service of appellee's motion for summary judgment. That is to say, nowhere within the record does there exist a sworn to affidavit from McCabe claiming service of appellee's summary judgment motion was not received.[1] Therefore, absent sufficient

---

1. To the contrary, the record reflects that McCabe has been continuously served at a Warren County address throughout the proceedings below without any notification issues – the exact same address included in the certificate of service on appellee's summary judgment motion and in McCabe's pro se notice of appeal.

evidence to rebut the presumption of proper service, McCabe has failed to establish that the trial court erred by granting summary judgment to appellee. *See, e.g., Edney v. Life Ambulance Serv., Inc.*, 2012-Ohio-4305, ¶ 11 (10th Dist.) ("[a]bsent sufficient evidence to rebut the presumption of proper service and establish that he was not served with a copy of appellees' motion for summary judgment, appellant has failed to establish that the common pleas court erred by granting the motion for summary judgment").

**{¶ 11}** Accordingly, because McCabe has presented no evidence to rebut the presumption of proper service, McCabe's single assignment of error lacks merit and is overruled.

**{¶ 12}** Judgment affirmed.

HENDRICKSON, P.J., and SIEBERT, J., concur.