[Cite as *O'Brien v. Anderson*, 2025-Ohio-5236.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kevin O'Brien, Assignee, | : | |
| Plaintiff-Appellant, | : | No. 25AP-322 |
| | | (M.C. No. 14 CVI 15708) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Timothy A. Anderson, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on November 20, 2025

**On brief**: *Kevin O'Brien* for appellant.

APPEAL from the Franklin County Municipal Court

EDELSTEIN, J.

{¶ 1} Plaintiff-appellant, Kevin O'Brien, pro se, assignee of Bur-Mar Enterprises, appeals from an entry of the Franklin County Municipal Court granting the Civ.R. 60(B) motion for relief from judgment of defendant-appellee, Timothy A. Anderson. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On May 19, 2014, Bur-Mar Enterprises filed a complaint against Mr. Anderson for breach of contract. At the time the complaint was filed, Mr. O'Brien was serving as trial counsel for Bur-Mar Enterprises. Bur-Mar Enterprises dba Checkland North operated a payroll advance company, and the complaint alleged that on April 10, 2008, Mr. Anderson obtained a payroll advance from Checkland North in the amount of

$200 and subsequently failed to repay the loan and the accompanying contractual interest and loan origination fee. Bur-Mar Enterprises sought judgment in the amount of $200 plus contractual interest at the rate of five percent per month from April 10, 2008, plus the loan origination fee of $20. The trial court entered judgment in favor of Bur-Mar Enterprises on July 3, 2014 in the amount of $220 with contractual interest of five percent per month from the date of the loan on the $200 and statutory interest at a rate of three percent per year from the date of the judgment on the remaining $20.

{¶ 3} On August 7, 2015, Bur-Mar Enterprises filed a motion for a judgment debtor exam of Mr. Anderson related to the unpaid judgment debt. Bur-Mar Enterprises obtained personal service of Mr. Anderson on August 30, 2015 through a process server. Mr. Anderson failed to appear at the September 16, 2015 judgment debtor exam, and the trial court issued a capias letter for Mr. Anderson.

{¶ 4} Nearly nine years later, on July 19, 2024, Mr. Anderson filed a motion for relief from judgment. In his motion, Mr. Anderson stated he was unaware there was still a judgment against him until he learned of a lien on his home. Mr. Anderson stated he had attempted to pay the judgment three times in 2013 but the money was returned to him each time. Having heard nothing further from Bur-Mar Enterprises, Mr. Anderson believed the matter was concluded. Upon learning of the lien on his home, Mr. Anderson said he attempted, on July 19, 2024, to settle the judgment "but was told the attorney isn't there any more and the Plaintiff isn't in business any more," and "was told that we couldn't pay it any more." (Sic passim.) (July 19, 2024 Mot. for Relief from Jgmt.) In support of his motion for relief from judgment, Mr. Anderson filed an affidavit stating the facts in his motion were true. Neither Bur-Mar Enterprises nor Mr. O'Brien responded to the motion.

Mr. Anderson's July 19, 2024 motion for relief from judgment included a certificate of service that stated he "served a copy of the foregoing upon all other parties, or to their attorneys of record, at their last known addresses by ordinary United States mail on [July] 19, 2024." (Mot. for Relief from Jgmt.)

{¶ 5} On August 27, 2024, the trial court issued an entry granting Mr. Anderson's motion for relief from judgment. The trial court stated Mr. Anderson "attempted to settle this judgment, but the Plaintiff is no longer in business." (Entry.)

{¶ 6} Several months later, on December 27, 2024, Mr. O'Brien filed a notice of assignment and motion to substitute parties. The notice stated that, as a result of a settlement in Franklin County Court of Common Pleas Case No. 20 CV-6172, Bur-Mar Enterprises was assigned to Mr. O'Brien as the sole owner on March 12, 2024, and the Ohio Secretary of State's office was ordered to reinstate Bur-Mar Enterprises as an Ohio corporation. The settlement also provided for the assignment of all of Checkland North's cases to Mr. O'Brien for collection. The trial court granted Mr. O'Brien's assignment on January 8, 2025 and directed the clerk of court to substitute Mr. O'Brien as the plaintiff in this action in the place of Bur-Mar Enterprises.

{¶ 7} On April 4, 2025, Mr. O'Brien filed an affidavit with the trial court stating he did not receive a copy of the trial court's August 27, 2024 entry granting Mr. Anderson's motion for relief from judgment until March 13, 2025. Mr. O'Brien stated he was never served with Mr. Anderson's July 19, 2024 motion for relief from judgment. Additionally, Mr. O'Brien stated he no longer held an active law license in Ohio but was acting in a pro se

capacity. Also on April 4, 2025, Mr. O'Brien filed a notice of appeal from the trial court's August 27, 2024 entry.[1]

## II. Assignment of Error

{¶ 8} Mr. O'Brien raises the following sole assignment of error for our review:

> The trial court erred in sustaining the defendant-appellee's motion for relief from judgment.

## III. Analysis

{¶ 9} In his sole assignment of error, Mr. O'Brien argues the trial court erred in granting Mr. Anderson's motion for relief from judgment. More specifically, Mr. O'Brien argues the trial court erred in granting relief from judgment because Mr. Anderson did not independently discover the change of ownership of Bur-Mar Enterprises before mailing the July 19, 2024 motion for relief from judgment.

{¶ 10} To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must satisfy a three-prong test demonstrating: (1) the movant has a meritorious defense or claim to present if relief is granted; (2) the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the movant filed the motion within a reasonable time and, when relying on a ground for relief set forth in Civ.R. 60(B)(1), (2), or (3), the movant filed the motion not more than one year after the judgment, order, or

---

[1] We note that although the trial court issued the August 27, 2024 entry when Bur-Mar Enterprises was still the named party, the trial court substituted Mr. O'Brien as plaintiff on January 8, 2025. Civ.R. 25(C) provides for substitution of a party in an action "in place of the party that previously held the interest," and "[t]he substitution of a party operates as if the action had been commenced in the successor party's name," including the ability to appeal adverse rulings. *Bayview Loan Servicing, LLC v. Vasko*, 2018-Ohio-38, ¶ 28 (6th Dist.), citing *Boedeker v. Rogers*, 140 Ohio App.3d 11, 19-20 (8th Dist. 2000). *See also Worldwide Asset Purchasing, L.L.C. v. Shuster*, 2019-Ohio-1441, ¶ 7 (8th Dist.) (Civ.R. 25(C) for substitution of a successor in interest), quoting *Argent Mtge. Co. v. Ciemins*, 2008-Ohio-5994, ¶ 11 ("Substitution operates as if the action had been commenced in the name of the real party in interest."); *Trumbull Twp. Bd. of Trustees v. Rickard*, 2017-Ohio-6945, ¶ 27 (11th Dist.). Although Mr. O'Brien no longer held an active law license at the time he filed the notice of appeal, because Mr. O'Brien had been substituted as the plaintiff, he was pursing the appeal in a pro se capacity on his own behalf.

proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. No relief from judgment will be granted if the movant fails to satisfy any one of the prongs of the *GTE* test. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). An appellate court reviews a trial court's decision on a Civ.R. 60(B) motion for an abuse of discretion. *Harris v. Anderson*, 2006-Ohio-1934, ¶ 7. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983); *State ex rel. Deblase v. Ohio Ballot Bd.*, 2023-Ohio-1823, ¶ 27.

{¶ 11} On appeal, Mr. O'Brien concedes that Mr. Anderson's motion for relief from judgment was mailed to Bur-Mar Enterprises. (Appellant's Brief at 9.) He argues, however, that the address on file for Bur-Mar Enterprises was no longer valid. Specifically, Mr. O'Brien asserts that because he obtained control of Bur-Mar Enterprises in March 2024, he was entitled to notice of Mr. Anderson's July 2024 motion for relief from judgment. However, Mr. O'Brien did not notify the trial court of his acquisition of Bur-Mar Enterprises until December 2024–four months *after* the trial court had issued its entry granting Mr. Anderson's motion for relief from judgment. Although Mr. O'Brien argues either Mr. Anderson or the trial court should have discovered the assignment of Bur-Mar Enterprises by searching the Ohio Secretary of State's website and then served the motion and entry on him instead, we note there is no requirement or legal duty for a litigant to search publicly available records to ensure the address on file for the opposing party remains a valid address. Instead, "a 'party bears the burden of formally notifying the court of a change of address' " and "the burden of satisfying this requirement cannot be shifted to the opposing party or the trial court." *State ex rel. Halder v. Fuerst*, 2008-Ohio-1968, ¶ 6, quoting *Robb*

*v. Smallwood*, 2005-Ohio-5863, ¶ 11 (4th Dist.), and *Nalbach v. Cacioppo*, 2002 Ohio App. LEXIS 83, *6 (11th Dist. Jan. 11, 2002); *Blevins v. Blevins*, 2014-Ohio-3933, ¶ 16 (10th Dist.). We similarly note there is no requirement or legal duty for a litigant or court to search publicly available records to determine whether an entity has been assigned to a third party. Thus, we reject Mr. O'Brien's argument that Mr. Anderson or the trial court should have learned of the assignment of Bur-Mar Enterprises to him on their own initiative.

{¶ 12} Mr. O'Brien's entire argument focuses on his acquisition of Bur-Mar Enterprises and his unsupported belief that the change in ownership automatically entitled him to receive future filings in the matter without taking action to inform the trial court of such change. Though Mr. O'Brien never cites or acknowledges the Rules of Civil Procedure, we are mindful that Civ.R. 5 governs the service and filing of pleadings and other papers subsequent to the original complaint. Civ.R. 5(A) ("[E]very written motion . . . shall be served upon each of the parties."). Whether the trial court complied with the Ohio Rules of Civil Procedure presents a question of law we review de novo. *Franklin Univ. v. Sharpe*, 2024-Ohio-4881, ¶ 6, citing *Anderson v. Bright Horizons Children's Ctrs., LLC*, 2022-Ohio-1031, ¶ 89.

{¶ 13} Pursuant to Civ.R. 5(B)(1), "[w]henever a party is not represented by an attorney, service under this rule shall be made upon the party. If a party is represented by an attorney, service under this rule shall be made on the attorney unless the court orders service on the party." Mr. Anderson's July 19, 2024 motion for relief from judgment included a certificate of service that stated Mr. Anderson "served a copy of the foregoing upon all other parties, or to their attorneys of record, at their last known addresses by

ordinary United States mail on [July] 19, 2024." (Mot. for Relief from Jgmt.) This language is substantially similar to the language that appears in the certificate of service included with the motion for relief from judgment form available on the Franklin County Municipal Court's public website. *See* https://municipalcourt.franklincountyohio.gov/Forms/Small-Claims/Motion-for-Relief.aspx (accessed Nov. 19, 2025). Where a party serves a motion by mailing it to the person's last known address by United States mail, service is complete upon mailing, and compliance with Civ.R. 5(B)(2)(c) creates a rebuttable presumption of proper service. *Edney v. Life Ambulance Serv., Inc.*, 2012-Ohio-4305, ¶ 7 (10th Dist.), citing Civ.R. 5(B)(2)(c), and *Paasewe v. Wendy Thomas 5 Ltd.*, 2009-Ohio-6852, ¶ 22 (10th Dist.). By July 2024, Mr. O'Brien no longer had an active law license, and Mr. O'Brien concedes the motion for relief from judgment was sent to Bur-Mar Enterprises at the address on file. Thus, the certificate of service in Mr. Anderson's July 19, 2024 motion for relief from judgment created a presumption of proper service.

{¶ 14} Mr. O'Brien concedes that Mr. Anderson mailed his motion for relief from judgment to Bur-Mar Enterprises at the address for Bur-Mar Enterprises that was provided to the trial court when the litigation commenced in May of 2014. At the time of Mr. Anderson's July 19, 2024 motion for relief from judgment and the trial court's subsequent August 27, 2024 entry granting relief from judgment, neither Bur-Mar Enterprises nor Mr. O'Brien had filed a change of address with the trial court. Similarly, at the time of both the motion for relief from judgment and the entry granting relief from judgment, Mr. O'Brien had not notified the trial court of the assignment of Bur-Mar Enterprises to him. Bur-Mar Enterprises was still the party of record in the judgment from which Mr. Anderson sought relief, and, again, Mr. O'Brien concedes that Mr. Anderson sent the motion for relief from

judgment to Bur-Mar Enterprises at its last known address.  Therefore, Mr. O'Brien did not rebut the presumption of proper service on the named party at the time the motion was filed.  *See, e.g., Evans v. Henderson*, 2018-Ohio-2531, ¶ 7 (10th Dist.); *CitiMortgage, Inc. v. Guinther*, 2013-Ohio-4014, ¶ 39 (10th Dist.).

{¶ 15}  Because Mr. O'Brien did not notify the trial court of a change of ownership of Bur-Mar Enterprises or a change of address, and because Mr. O'Brien concedes Mr. Anderson sent the motion for relief from judgment to the address on file for Bur-Mar Enterprises, the trial court did not abuse its discretion by ruling on and granting Mr. Anderson's motion for relief from judgment.  Accordingly, we overrule Mr. O'Brien's sole assignment of error.

## IV.  Disposition

{¶ 16}  Based on the foregoing reasons, the trial court did not abuse its discretion in granting Mr. Anderson's motion for relief from judgment.  Having overruled Mr. O'Brien's sole assignment of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

BOGGS, J., concurs.
JAMISON, P.J., dissents.

JAMISON, P.J., dissenting.

{¶ 17}  I disagree with the majority's conclusion that Mr. Anderson properly served his motion for relief from judgment pursuant to Civ.R. 5.  I would therefore find that the trial court erred in reviewing and granting Mr. Anderson's motion.  Accordingly, I respectfully dissent.

{¶ 18}  Mr. O'Brien argues that the trial court erred in granting Mr. Anderson relief from the July 3, 2014 judgment because Mr. Anderson did not serve him with his Civ.R.

60(B) motion. When a party follows the Ohio Civil Rules of Procedure to effectuate service, a rebuttable presumption of proper service arises. *Evans v. Henderson*, 2018-Ohio-2531, ¶ 7 (10th Dist.). The Civil Rules required Mr. Anderson to serve his motion for relief from judgment in compliance with Civ.R. 5(B). *See* Civ.R. 5(A) (requiring service of "every written motion other than one which may be heard ex parte").

{¶ 19} Under Civ.R. 5(B)(1), "[w]henever a party is not represented by an attorney, service under this rule shall be made upon the party. If a party is represented by an attorney, service under this rule shall be made on the attorney unless the court orders service on the party." An attorney becomes an attorney of record in a particular case by signing a pleading or paper served and filed in that case. *Owner-Operator Servs., Inc. v. Markovic Transp.*, 2021-Ohio-3785, ¶ 14 (3d Dist.); *Ohio Receivables, L.L.C. v. Rivera*, 2012-Ohio-216, ¶ 7 (9th Dist.); *Citibank S. Dakota, N.A. v. Wood*, 2006-Ohio-5755, ¶ 17 (2d Dist.).

{¶ 20} A party may accomplish service via Civ.R. 5(B) in multiple ways, including "[m]ailing it to the person's last known address by United States mail." Civ.R. 5(B)(2)(c). When serving a document through United States mail, "service is complete upon mailing." *Id.*

{¶ 21} Due process requires that " 'notice [must be] reasonably calculated' " to reach the opposing parties. (Emphasis omitted.) *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 406 (1980), quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Therefore, when a party serves a motion, "[t]he means employed must be such as one desirous of actually informing the [person] might reasonably adopt to accomplish it." *Mullane* at 315. In determining whether valid service occurred, a trial court cannot wholly disregard testimony that is uncontradicted by any other witness or circumstance. *Hayes v. Kentucky Joint Stock Land Bank*, 125 Ohio St. 359, 362, 365 (1932).

{¶ 22} At the time Mr. Anderson filed his motion for relief from judgment, Mr. O'Brien was the attorney of record for Bur-Mar Enterprises. He had signed the complaint, as well as the motion for a judgment debtor exam of Mr. Anderson. Additionally, Mr. O'Brien remained listed as the attorney for Bur-Mar Enterprises on the case docket in 2024. Consequently, to comply with Civ.R. 5(B), Mr. Anderson had to serve

Mr. O'Brien with the motion for relief from judgment. The completed proof of service states that Mr. Anderson served a copy of his motion for relief from judgment on "all other parties, or their attorneys of record, at their last known addresses by ordinary United States mail on 7-19, 2024." (July 19, 2024 Mot. for Relief from Jgmt.)

{¶ 23} In his motion for relief from judgment, Mr. Anderson said he attempted to settle the judgment "but was told that the attorney isn't there any more and the Plaintiff isn't in business any more." (Sic passim.) (Mot. for Relief from Jgmt.) Thus, at the time that Mr. Anderson served his motion, he believed that neither Bur-Mar Enterprises nor its attorney were functioning anymore. I would conclude that Mr. Anderson was not serving the motion in a manner desirous of actually informing either Bur-Mar Enterprises or Mr. O'Brien of the pending motion based on his own statements in the motion for relief from judgment. Moreover, because the proof of service states that Mr. Anderson served Bur-Mar Enterprises *or* Mr. O'Brien, it does not constitute unequivocal proof that Mr. Anderson accomplished service of Mr. O'Brien. Mr. Anderson, therefore, is not entitled to the presumption that he achieved proper service of his motion.

{¶ 24} As the majority states, Mr. O'Brien no longer has an active law license. In an order issued July 15, 2024, the Supreme Court of Ohio accepted Mr. O'Brien's resignation with disciplinary action pending. *In re O'Brien*, 2024-Ohio-2656, ¶ 2. This fact, however, did not alter Mr. Anderson's obligation to serve Mr. O'Brien under Civ.R. 5(B). When deciding who to serve his motion upon, Mr. Anderson had only the trial court record and docket to review, and the information contained there identified Mr. O'Brien as Bur-Mar Enterprise's attorney of record. Therefore, Civ.R. 5(B) required Mr. Anderson to serve his motion for relief from judgment on Mr. O'Brien as attorney of record.

{¶ 25} The majority further concludes that "Mr. Anderson did not independently discover the change of ownership of Bur-Mar Enterprises before mailing the July 19, 2024 motion for relief from judgment." (Majority Decision at ¶ 9.) Based upon the majority decision, no litigant would be required to independently discover the correct address to serve a motion. Due process, however, requires a service be reasonably calculated to reach the opposing party. *Mullane*, 339 U.S. at 315. Consequently, I cannot agree with the majority that, when a party suspects it is serving a motion on an incorrect address, it has no obligation to discover the correct address.

{¶ 26} Tangentially, I must address two additional matters.  First, as the majority recognizes, the proof of service Mr. Anderson used is part of a pre-printed form for motions for relief from judgment that appears on the Franklin County Municipal Court website.  This form created the ambiguity over who was served in this case by not requiring the moving party to specifically state the name and address of the person the moving party served.  The trial court should change its pre-printed forms to incorporate the proof of service it provides as a separate document on its website, which is not complete without the name    and    address    of    the    person    who    will    receive    service.  *See* https://municipalcourt.franklincountyohio.gov/Forms/Civil/Certificate-of-Service.aspx (accessed Nov. 18, 2025).

{¶ 27} Second, I note that the order accepting Mr. O'Brien's resignation from the bar enjoined Mr. O'Brien from "seeking to enforce any judgments purportedly obtained on behalf of former clients without prior leave of court."  *In re O'Brien* at ¶ 5.  In this action, Mr. O'Brien is now seeking to enforce a judgment he originally obtained on behalf of his former client, Bur-Mar Enterprises.  The trial court record, however, contains no indication that Mr. O'Brien received leave from the Supreme Court to pursue this action.  Mr. O'Brien thus appears to be litigating in direct contravention to the Supreme Court's July 15, 2024 order.

{¶ 28} Nonetheless, the language of the Civil Rules regarding service is mandatory, and a trial court may not consider a motion if the motion failed to comply with those rules.  *Palnik v. Crane*, 2019-Ohio-3364, ¶ 46 (8th Dist.); *Patel v. Lambrecht*, 2014-Ohio-2953, ¶ 23 (4th Dist.); *Rivera*, 2012-Ohio-216, at ¶ 8 (9th Dist.).  Because the proof of service fails to establish that Mr. Anderson complied with Civ.R. 5(B) when serving the motion for relief from judgment, I would sustain the sole assignment of error and reverse the judgment of the Franklin County Municipal Court, and remand it for further proceedings.

————————————